# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| B.W., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-CV-1025 |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, and ) | **JURY TRIAL DEMANDED** |
| JOHN STEWART, *in his individual* ) | |
| *capacity*, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff B.W. ("Plaintiff"), by and through her attorney, and for her Complaint against Defendant City of St. Louis, Missouri (hereinafter "Defendant City of St. Louis") and Defendant John Stewart (hereinafter "Defendant Stewart") and respectfully states to this Honorable Court the following:

1. This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of civil rights against the Defendants.

2. Plaintiff sues Defendant Stewart in his individual capacity.

3. Plaintiff brings this suit for the injuries sustained as a result of the Constitutional violations as alleged herein.

4. Defendant City of St. Louis is a political subdivision of the State of Missouri and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

5. Defendant Stewart, at all times relevant herein, was a City of St. Louis police officer working under the direction and control of Defendant City of St. Louis.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1343(a)(3).

## VENUE

7. Venue is proper under 28 U.S.C. § 1391(b)(2) as the incident(s) subject to this case occurred in the City of St. Louis in this Eastern District of Missouri.

## COLOR OF STATE LAW

8. At all relevant times, Defendant Stewart acted under color of state law.

9. Particularly, Defendant Stewart acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

## FACTUAL BACKGROUND

10. On the evening of June 12, 2015, the estranged husband of Plaintiff suddenly took the family vehicle from Plaintiff's residence and absconded.

11. Plaintiff then called the Saint Louis Metropolitan Police Department to report the incident.

12. On the night of June 12, 2015, Plaintiff lived in a home in the City of St. Louis along with her four children.

13. Following Plaintiff's call for assistance, Defendant Stewart responded to the call and arrived at Plaintiff's residence.

14. Upon arriving at Plaintiff's residence, Defendant Stewart entered the dwelling and began speaking with Plaintiff.

15. Upon hearing Plaintiff describe the situation in which the family vehicle was taken, Defendant Stewart, rather than asking questions about the situation, asked Plaintiff, "Are you freaky?"

16. Defendant Stewart then indicated that he wanted Plaintiff to perform oral sex on Defendant Stewart in Plaintiff's dwelling.

17. Defendant Stewart made the demand for oral sex to Plaintiff.

18. Plaintiff was in a state of obvious fear because of the theft of the family vehicle. Furthermore, she was, as an African-American female, frightened to be in the presence of a white male police officer brazenly exhibiting his power over Plaintiff by demanding that she perform sexual acts on Defendant Stewart while her four children slept in a bedroom just a few feet away.

19. Plaintiff feared for her safety and for her life.

20. Defendant Stewart coerced Plaintiff into performing oral sex on Defendant Stewart.

21. The contact by Defendant Stewart was in fact undertaken for Defendant Stewart's sexual gratification[1].

21. Plaintiff then vomited into a towel, called her mother and reported the incident to the police.

22. Due to duress and the related balance of power in Defendant Stewart's favor, Plaintiff had no lawful capacity to consent to Defendant Stewart's sexual assault[2].

### DAMAGES AS TO ALL COUNTS

23. Plaintiff suffered and continues to suffer:

    a. Humiliation,

    b. Indignity,

    c. Disgrace,

    d. Stress,

    e. Fear,

---

[1] State v. Lewis, 388 S.W.3d 252 (Mo. Ct. App. 2012).
[2] MAI – CR 3d 320.07.

```
```

      f.      Mental suffering,

      g.      Anxiety over sex, and

      h.      Fear of police.

## COUNT I

### VIOLATION OF CIVIL RIGHTS – SUBSTANTIVE DUE PROCESS
### 42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT
### AGAINST DEFENDANT JOHN STEWART
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

24. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

25. The sexual misconduct of Defendant Stewart against Plaintiff was so egregious and so outrageous that it may fairly be said to shock the contemporary conscience[3].

26. Defendant Stewart violated Plaintiff's rights to substantive due process.

27. As a direct result of the actions of Defendant Stewart, Plaintiff suffered the damages outlined above.

### Compensatory Damages

28. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Stewart.

### Punitive Damages

29. Defendant Stewart's actions against Plaintiff were reckless.

30. Defendant Stewart's actions against Plaintiff showed callous indifference toward the rights of Plaintiff.

31. Defendant Stewart's actions against Plaintiff were taken in the face of a perceived risk that the actions would violate federal law.

---

[3] Warren v. City of Lincoln, Neb., 864 F.2d 1436, 1440 (8th Cir. 1989).

32. Plaintiff is entitled to an award of punitive damages against Defendant Stewart in order to punish him and to deter others.

### Attorney's Fees

33. Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant John Stewart in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent.

### COUNT II

### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST
### DEFENDANT CITY OF ST. LOUIS, MISSOURI
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

34. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

35. At all relevant times Defendant Stewart was serving as an employee of Defendant City of St. Louis as a police officer.

36. At all relevant times Defendant Stewart was engaging in a government function.

37. At all relevant times Defendant Stewart was acting within the course and scope of that employment, albeit ostensibly.

38. Defendant City of St. Louis is liable under a theory of *respondeat superior*[4].

---

[4] Plaintiff makes this claim based on the dissent of Justice Breyer in Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 416, 117 S. Ct. 1382, 1394, 137 L. Ed. 2d 626 (1997).

39. The actions of Defendant Stewart caused Plaintiff to suffer the damages outlined herein.

40. The actions of Defendant Stewart caused Decedent Plaintiff to suffer the damages outlined herein.

### Compensatory Damages

41. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of St. Louis.

### Attorney's Fees

42. Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of St. Louis, Missouri for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
James W. Schottel, Jr.   #51285MO
906 Olive St., PH
St. Louis, MO 63101
(314) 421-0350
(314) 421-4060 facsimile
jwsj@schotteljustice.com

Attorney for Plaintiff
B.W.