UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **B.W.**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | case no. 4:18-CV-1025 HEA |
| vs. ) | |
| ) | |
| **CITY OF ST. LOUIS, ET AL.** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF THE CITY OF ST. LOUIS' MOTION TO DISMISS

COMES NOW Defendant City of St. Louis ("Defendant" or "City") and in Support of its Motion to Dismiss Plaintiff's Complaint states as follows:

### INTRODUCTION

Plaintiff B.W. has filed a two-count complaint alleging serious sexual misconduct against Defendant John Stewart ("Stewart"), who was formerly employed as a police officer with the City of St. Louis.  In Count I plaintiff alleges a violation of her civil rights against Defendant Stewart.  In Count II plaintiff alleges that the City is liable for a civil rights violation on the theory of *respondeat superior*.  Doc. 1, Complaint, ¶ 38.

The City moves this Court to dismiss Count II because the City cannot be held liable for the unconstitutional conduct of one of its employees on the theory of *respondeat superior* liability, and therefore Count II fails to state a claim for which relief can be granted.

### LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d. 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). While detailed factual allegations are not required, neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

## ARGUMENT

A municipality cannot be held liable under § 1983 on a *respondeat superior* theory. See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that the language of § 1983 "compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort"); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (stating that under § 1983, local governments are responsible only for their own illegal acts and are not vicariously liable under § 1983 for their employees' actions).

In *Monell*, the Supreme Court ruled that a municipality like the City cannot be held liable pursuant to 1983 "solely because it employs a tortfeasor."  436 U.S. at 691.  The Court found that "the language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."  See also *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (stating that the legislative history indicates that Congress never questioned its power to impose civil liability on municipalities for

2

their own illegal acts, but Congress did doubt its constitutional power to impose civil liability in order to oblige municipalities to control the conduct of others).

Consequently, the Supreme Court sets "a high bar" for establishing municipal liability under § 1983, and "demands careful analysis from district courts, to avoid any risk that liability could be imposed under a theory of respondeat superior." *Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 947 (8th Cir. 2017) citing *Pembaur*, 475 U.S. at 479.

A plaintiff seeking to impose liability on a municipality is required to identify either an official policy or a widespread custom or practice that was the moving force behind the plaintiff's constitutional injury. *Board of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403 (1997); *Crawford v. Van Buren County, Ark.*, 678 F.3d 666, 669 (8th Cir. 2012). An official policy represents the decisions of a municipality's legislative body, or of an official who maintains the final authority to establish governmental policy. *Brown*, 520 U.S. at 403; *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998). For a municipality to be held liable on the basis of custom, "there must have been a pattern of 'persistent and widespread' unconstitutional practices which became so 'permanent and well settled' as to have the effect and force of law." *Jane Doe "A" v. Special School Dist.*, 901 F.2d 642, 646 (8th Cir. 1990); *Monell*, 436 U.S. at 691.

"Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Brown*, 520 U.S. at 416 citing *Monell*, 436 U.S. at 694. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the

3

theory that the relevant practice is so widespread as to have the force of law." *Brown*, 520 U.S. at 416 citing *Monell*, 436 U.S. at 690-691 (citation omitted).

1. **Plaintiff fails to state a claim against the City for municipal liability because she fails to allege that the City had an official policy or a widespread custom or practice that directly caused Stewart's alleged sexual misconduct.**

Here, plaintiff does not allege that the City had an official policy or a widespread custom and practice that directly caused her constitutional violation, the alleged sexual assault by Stewart.

Plaintiff alleges, rather, that the City is liable for Defendant Steward's misconduct on the theory of *respondeat superior*.  Complaint, ¶ 38.  Plaintiff asserts that she "makes this claim based on the dissent of Justice Stephen Breyer in *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 416 (1997)." *Id*. at ¶ 38, n. 4[1].

The Court should reject plaintiff's theory of liability because the Supreme Court has consistently refused to hold municipalities liable on a theory of *respondeat superior*.  See *Monell*, 436 U.S. at 691-92; *Pembaur*, 475 U.S. at 478- *Brown*, 520 U.S. at 403; *Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985); *St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988); *Canton v. Harris*, 489 U.S. 378, 392 (1989).

To state a claim against the City on the basis of § 1983 municipal liability, Plaintiff is required to plead facts showing that her constitutional deprivation was caused by either an official policy of the City of St. Louis or a widespread custom or practice.  She has not done so,

---

[1] In any event, Justice Breyer's dissent in *Brown* does not lend support to plaintiff's *respondeat superior* theory of liability.  In *Brown*, Justice Breyer merely argues for a "reexamination" of the viability of *Monell's* distinction between "liability that rests upon policy and liability that is vicarious." *Id*. at 430-31, 437.

4

and therefore Count II must fail because a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.  *Monell*, 436 U.S. at 691.

## CONCLUSION

This Court should grant Defendant City's Motion to Dismiss Count II because the City cannot be held liable on a theory of *respondeat superior* liability, and the Plaintiff has failed to state a claim for which relief can be granted.

WHEREFORE, for all of the reasons set forth above, the City respectfully requests that this honorable Court grant its Motion to Dismiss and enter an order dismissing Plaintiff's claims against it with prejudice.

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

By: /s/ Erin K. McGowan
Erin K. McGowan #64020MO
1200 Market Street, Room 314
City Hall
St. Louis, Mo  63103
(314) 622-3361
(314) 622-4956 fax
relyst@stlouis-mo.gov
McGowanE@stlouis-mo.gov
*Attorney for Defendant City of St. Louis*

## CERTIFICATE OF SERVICE

I hereby certify this Memorandum was electronically filed on August 17, 2018 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Erin K. McGowan