PLAINTIFF'S EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.H., et al., | ) |
|     Plaintiffs, | ) |
| vs. | ) Case No. 4:14-CV-2069 (CEJ) |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) |
|     Defendants. | ) |

### ORDER

This matter is before the Court on plaintiffs' motion for taxation of costs of service and attorney's fees to be assessed against defendants St. Louis County, Missouri, Jon Belmar, and Herbert Bernsen. Defendants have responded in opposition, and the issues are fully briefed.

On December 17, 2014, plaintiffs mailed to each of the defendants notice of the lawsuit and request to waive service of a summons, two copies of the waiver of the service of summons and a copy of the complaint, together with a self-addressed, stamped envelope. The waivers of service were due to be executed and returned to plaintiff's counsel by January 16, 2015, but defendants did not meet this deadline. Consequently, on January 20, 2015, plaintiffs filed a request for issuance of summons for all defendants. On January 22, 2015, the defendants were each personally served and the cost of service for each was $50.

In the instant motion, plaintiffs seek reimbursement for the service costs of $150 and attorney's fees of $1,710. Plaintiffs' counsel states that he expended 1.4 hours in preparing and drafting the instant motion, and 4.3 hours in preparing and filing the reply. Counsel's hourly rate is $300/hour.

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides that:

If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court <u>must</u> impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses. (emphasis added)

Defendants' arguments in opposition to the taxation of costs of service are largely frivolous and immaterial. For example, defendants argue that they should have been permitted a longer period of "reasonable time" to respond to the requests for waiver of service. Rule 4(d)(1) of the Federal Rules of Civil Procedure only requires that the notice and request allow defendants 30 days after the request is sent to return the waiver. Plaintiffs allowed defendants 36 days to return the waivers. Also, defendants attempt to impose upon plaintiffs a requirement to confer in good faith with opposing counsel prior to serving process and filing a motion for taxation of costs of service. No such requirement exists for service under Rule 4 or the local rules of this Court. <u>But see</u> Fed. R. Civ. P. 37(a)(1) (requiring parties to include a certification with a motion to compel discovery or disclosure that the movant has in good faith conferred or attempted to confer with the opposing party). Defendants have failed to establish good cause for their failure to return executed waivers of service. Under Rule 4(d)(2), the Court is required to impose upon defendants the expenses incurred in serving process and reasonable attorney's fees.

Plaintiffs' counsel has sufficiently documented the expenditure of $150 to obtain personal service upon the defendants. However, the Court finds the amount of time expended by counsel in preparing this motion to be excessive. The Court instead finds a total of 3.0 hours for drafting and filing the motion and reply to be

2

reasonable. Counsel's hourly rate is also reasonable for the St. Louis metropolitan region. As such, plaintiffs are entitled to reimbursement of costs of $150 for service of process and an award of attorney's fees in preparing the instant motion in the amount of $900, for a total of $1,050.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for taxation of costs of service and attorney's fees to be assessed against defendants St. Louis County, Missouri, Jon Belmar, and Herbert Bernsen [Doc. #22] is **granted.**

**IT IS FURTHER ORDERED** that defendants are directed to pay plaintiffs the sum of $1,050 for the costs of service of summons and attorney's fees.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2015.

3