**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| B.W., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-CV-1025 HEA |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, et al., ) | |
| ) | |
|    Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TAXATION OF COSTS OF SERVICE TO BE ASSESSED AGAINST
DEFENDANT JOHN STEWART AND FOR ATTORNEY'S FEES**

COMES NOW Plaintiff B.W. ("Plaintiff"), by and through her attorney, and for her Motion for Taxation of Costs of Service to be Assessed Against Defendant John Stewart ("Defendant Stewart") and for Attorney's Fees and respectfully states to this Honorable Court the following:

**MEMORANDUM**

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides that:

"If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court **must** impose on the defendant:

(A) the expenses later incurred in making service; and
(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."

Fed.R.Civ.P. 4(d)(2). (*emphasis added*).

Ordering Defendant to pay service costs under Rule 4(d)(2) of the Federal Rules of Civil Procedure before final judgment in this case is not premature. *See* Double "S" Truck Line, Inc. v. Frozen Food Express, 171 F.R.D. 251 (D. Minn. 1997); Marcello v. Maine, 238 F.R.D. 113 (D. Me. 2006); Butler v. Crosby, 2005 WL 390740 (M.D. Fla. 2005). The courts in these cases noted

particularly that the Rule, "makes abundantly clear that a defendant's duty to avoid unnecessary costs of service is not related to the merits of the underlying case and, therefore, there is no cause to delay an award of costs even when . . . the Plaintiff's claim [may be] without merit." Double "S", 171 F.R.D. at 253; Marcello, 238 F.R.D. at 116.

Defendant simply failed to return the signed waiver, which forced Plaintiff to request alias summons, have the Defendant personally served and needlessly increased the service costs in this case, despite the warnings set forth in the Notice of Lawsuit and Request to Waive Service of a Summons (*See* Doc. #1-4). Defendant Stewart was personally served at the same address where the original notice of lawsuit and request for waiver was sent.

WHEREFORE, for the foregoing reasons, and those stated in Plaintiff's Motion, Plaintiff respectfully requests this Honorable Court to grant her Motion for Taxation of Costs of Service to be Assessed Against Defendant John Stewart and for Attorney's Fees and for such other relief this Court deems just and proper under the circumstances.

    Respectfully submitted,

    SCHOTTEL & ASSOCIATES, P.C.

    BY: s/*James W. Schottel, Jr.*
        James W. Schottel, Jr.   #51285MO
        906 Olive St., PH
        St. Louis, MO 63101
        (314) 421-0350
        (314) 421-4060 facsimile
        jwsj@schotteljustice.com

        Attorney for Plaintiff
        B.W.

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

>Erin K. McGowan
>mcgowane@stlouis-mo.gov
>
>Attorney for Defendant
>City of St. Louis, Missouri

I further certify that a copy of the foregoing was mailed, postage prepaid to the following on this 24th day of August, 2018:

John Stewart
38 Snowmass Ct.
O'Fallon, MO 63368

Defendant, John Stewart

s/*James W. Schottel, Jr.*

3