# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| B.W., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:18-CV-1025 HEA ) |
| CITY OF ST. LOUIS, MISSOURI, and JOHN STEWART, *in his individual capacity*, | ) **JURY TRIAL DEMANDED** ) ) ) ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff B.W. ("Plaintiff"), by and through her attorney, and for her First Amended Complaint against Defendant City of St. Louis, Missouri (hereinafter "Defendant City of St. Louis") and Defendant John Stewart (hereinafter "Defendant Stewart") and respectfully states to this Honorable Court the following:

1.  This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of civil rights against the Defendants.

2.  Plaintiff sues Defendant Stewart in his individual capacity.

3.  Plaintiff brings this suit for the injuries sustained as a result of the Constitutional violations as alleged herein.

4.  Defendant City of St. Louis is a political subdivision of the State of Missouri and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

5.  Defendant Stewart, at all times relevant herein, was a City of St. Louis police officer working under the direction and control of Defendant City of St. Louis.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1343(a)(3).

## VENUE

7. Venue is proper under 28 U.S.C. § 1391(b)(2) as the incident(s) subject to this case occurred in the City of St. Louis in this Eastern District of Missouri.

## COLOR OF STATE LAW

8. At all relevant times, Defendant Stewart acted under color of state law.

9. Particularly, Defendant Stewart acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

### Waiver of Sovereign Immunity

10. At all relevant times, Defendant City of St. Louis had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including those as described herein.

11. The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant City of St. Louis[1].

## FACTUAL BACKGROUND

12. On the evening of June 12, 2015, the estranged husband of Plaintiff suddenly took the family vehicle from Plaintiff's residence and absconded.

13. Plaintiff then called the Saint Louis Metropolitan Police Department to report the incident.

14. On the night of June 12, 2015, Plaintiff lived in a home in the City of St. Louis along with her four children.

---

[1] RSMo. § 71.185 and § 537.610.

2

15. Following Plaintiff's call for assistance, Defendant Stewart responded to the call and arrived at Plaintiff's residence.

16. Upon arriving at Plaintiff's residence, Defendant Stewart entered the dwelling and began speaking with Plaintiff.

17. Upon hearing Plaintiff describe the situation in which the family vehicle was taken, Defendant Stewart, rather than asking questions about the situation, asked Plaintiff, "Are you freaky?"

18. Defendant Stewart then indicated that he wanted Plaintiff to perform oral sex on Defendant Stewart in Plaintiff's dwelling.

19. Defendant Stewart made the demand for oral sex to Plaintiff.

20. Plaintiff was in a state of obvious fear because of the theft of the family vehicle. Furthermore, she was, as an African-American female, frightened to be in the presence of a white male police officer brazenly exhibiting his power over Plaintiff by demanding that she perform sexual acts on Defendant Stewart while her four children slept in a bedroom just a few feet away.

21. Plaintiff feared for her safety and for her life.

22. Defendant Stewart coerced Plaintiff into performing oral sex on Defendant Stewart.

23. The contact by Defendant Stewart was in fact undertaken for Defendant Stewart's sexual gratification[2].

24. Plaintiff then vomited into a towel, called her mother and reported the incident to the police.

25. Due to duress and the related balance of power in Defendant Stewart's favor, Plaintiff had no lawful capacity to consent to Defendant Stewart's sexual assault[3].

---

[2] State v. Lewis, 388 S.W.3d 252 (Mo. Ct. App. 2012).
[3] MAI – CR 3d 320.07.

3

## DAMAGES AS TO ALL COUNTS

26. Plaintiff suffered and continues to suffer:

    a. Humiliation,

    b. Indignity,

    c. Disgrace,

    d. Stress,

    e. Fear,

    f. Mental suffering,

    g. Anxiety over sex, and

    h. Fear of the police.

## COUNT I

### VIOLATION OF CIVIL RIGHTS - SUBSTANTIVE DUE PROCESS
### 42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT
### AGAINST DEFENDANT JOHN STEWART
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

27. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

28. The sexual misconduct of Defendant Stewart against Plaintiff was so egregious and so outrageous that it may fairly be said to shock the contemporary conscience[4].

29. Defendant Stewart violated Plaintiff's rights to substantive due process.

30. As a direct result of the actions of Defendant Stewart, Plaintiff suffered the damages outlined above.

### Compensatory Damages

31. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Stewart.

---

[4] Warren v. City of Lincoln, Neb., 864 F.2d 1436, 1440 (8th Cir. 1989).

### Punitive Damages

32. Defendant Stewart's actions against Plaintiff were reckless.

33. Defendant Stewart's actions against Plaintiff showed callous indifference toward the rights of Plaintiff.

34. Defendant Stewart's actions against Plaintiff were taken in the face of a perceived risk that the actions would violate federal law.

35. Plaintiff is entitled to an award of punitive damages against Defendant Stewart in order to punish him and to deter others.

### Attorney's Fees

36. Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant John Stewart in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent.

### COUNT II

**VIOLATION OF CIVIL RIGHTS – FAILURE TO TRAIN
42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT
AGAINST DEFENDANT CITY OF ST. LOUIS, MISSOURI
FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**

37. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

38. Defendant City of St. Louis failed to properly train Defendant Stewart on responding to calls where the complainant and responding officer are of the opposite sex and particularly on when the complainant and reporting officer are of the opposite sex and isolated.

39. Defendant City of St. Louis failed to properly train Defendant Stewart on questioning persons of the opposite sex.

40. Defendant City of St. Louis was thus deliberately indifferent to the rights of others in adopting its training practices, and in failing to properly train Defendant Stewart, such that those failures reflected a deliberate or conscious choice by Defendant City of St. Louis[5].

41. The training deficiencies occurred prior to the incident subject to this case and caused Plaintiff damages as set forth herein[6].

42. In light of the fact that it was Defendant Stewart who engaged in the Constitutional violations, the need to correct deficiencies was so obvious, and the inadequacy so likely to result in the violation of Constitutional rights, that the policymakers of Defendant City of St. Louis can reasonably be said to have been deliberately indifferent to the need[7].

43. If Defendant City of St. Louis had properly trained Defendant Stewart, the Constitutional violations committed by Defendant Stewart would not have occurred.

44. These failures by Defendant City of St. Louis to train Defendant Stewart subject Defendant City of St. Louis to liability for the Constitutional violations committed by Defendant Stewart.

---

[5] City of Canton v. Harris, 489 U.S. 378, 389 (1989).
[6] Larson By Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996).
[7] Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996).

**Compensatory Damages**

45.     Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of St. Louis.

**Attorney's Fees**

46.     Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of St. Louis, Missouri for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT III**

**<u>VIOLATION OF CIVIL RIGHTS – PATTERN OF TRANSGRESSIONS
42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT
AGAINST DEFENDANT CITY OF ST. LOUIS, MISSOURI
FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES</u>**

47.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

48.     Prior to the incident subject to this case on June 12, 2015, other female citizens had made complaints against Defendant Stewart with the police department alleging similar conduct to the conduct of Defendant Stewart in his encounter with Plaintiff.

49.     Additionally, on information and belief, other police officers who worked with Defendant Stewart knew of the sexual misconduct by Defendant Stewart complained of by other female citizens that occurred prior to the incident subject to this case on June 12, 2015.

50.     The acts of Defendant Stewart were part of a pattern of transgressions, of which Defendant City of St. Louis knew or should have known.

7

51.     The failure of Defendant City of St. Louis to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein, establishes the policy of Defendant City of St. Louis to condone or otherwise tolerate such constitutional violations.

52.     Defendant City of St. Louis thus had a "policy or custom" of failing to act upon prior similar complaints of unconstitutional conduct, of which they knew or should have known, which caused the constitutional injuries at issue.

53.     There was a prior pattern of unconstitutional conduct so "persistent and widespread" as to have the effect and force of law[8].

54.     Defendant City of St. Louis' failure amounted to deliberate indifference to the rights persons with whom Defendant Stewart came in contact, particularly including Plaintiff.

55.     Those failures by Defendant City of St. Louis to act proactively to prevent these constitutional violations subject Defendant City of St. Louis to liability for the constitutional violations committed by Defendant Stewart.

### Compensatory Damages

56.     Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of St. Louis.

### Attorney's Fees

57.     Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

---

[8] Andrews v. Fowler, 98 F.3d 1069, 1074-75 (8th Cir. 1996), *citing* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of St. Louis, Missouri for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### COUNT IV

### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST
### DEFENDANT CITY OF ST. LOUIS, MISSOURI
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

58. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

59. At all relevant times Defendant Stewart was serving as an employee of Defendant City of St. Louis as a police officer.

60. At all relevant times Defendant Stewart was engaging in a government function.

61. At all relevant times Defendant Stewart was acting within the course and scope of that employment, albeit ostensibly.

62. Defendant City of St. Louis is liable under a theory of *respondeat superior*[9].

63. The actions of Defendant Stewart caused Plaintiff to suffer the damages outlined herein.

64. The actions of Defendant Stewart caused Decedent Plaintiff to suffer the damages outlined herein.

**Compensatory Damages**

65. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of St. Louis.

---

[9] Plaintiff makes this claim based on the dissent of Justice Breyer in Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 416, 117 S. Ct. 1382, 1394, 137 L. Ed. 2d 626 (1997).

**Attorney's Fees**

66. Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of St. Louis, Missouri for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
    James W. Schottel, Jr.   #51285MO
    906 Olive St., PH
    St. Louis, MO 63101
    (314) 421-0350
    (314) 421-4060 facsimile
    jwsj@schotteljustice.com

Attorney for Plaintiff
B.W.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2019, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Thomas J. Magee
tm1@heplerbroom.com

Attorney for Defendant
John Stewart


s/*James W. Schottel, Jr.*

10