# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **B.W.**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case no. 4:18-CV-1025 HEA |
| vs. | ) |
| | ) |
| **CITY OF ST. LOUIS, ET AL.** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF THE CITY OF ST. LOUIS' MOTION TO DISMISS

COMES NOW Defendant City of St. Louis ("Defendant" or "City"), and in Support of its Motion to Dismiss Plaintiff's First Amended Complaint, states as follows:

## INTRODUCTION

Plaintiff B.W. ("Plaintiff") has filed a four-count complaint alleging serious sexual misconduct against Defendant John Stewart ("Stewart"), who was formerly employed as a police officer with the City of St. Louis. In Count I of her First Amended Complaint ("Complaint") Plaintiff alleges Defendant Stewart violated her civil rights. In Count II, Plaintiff alleges a failure to train claim against Defendant City pursuant to 42 USC §1983. In Count III, Plaintiff purports to assert a § 1983 claim against the City based on an alleged "pattern of transgressions" by Stewart. Doc. 24, ¶ 50. In Count IV Plaintiff alleges that the City is liable for a civil rights violation on the theory of *respondeat superior*.

The City moves this Court to dismiss Count II because Plaintiff's allegations are insufficient to support a claim against the City for municipal liability based on a failure to train theory of liability. The City also moves the Court to dismiss Count III because Plaintiff fails to

1

sufficiently allege the City had a widespread custom or practice that caused her alleged constitutional injury. Finally, the City moves this Court to dismiss Count IV because the City cannot be held liable for the unconstitutional conduct of one of its employees on the theory of *respondeat superior*. Pursuant to Rule 12(b)(6), this Court should dismiss Counts II, III, and IV because each fails to state a claim for which relief can be granted.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d. 623, 627 (8th Cir. 2001) quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). While detailed factual allegations are not required, neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

## ARGUMENT

The Supreme Court sets "a high bar" for establishing municipal liability under § 1983, and "demands careful analysis from district courts, to avoid any risk that liability could be imposed under a theory of respondeat superior." *Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 947 (8th Cir. 2017) citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Thus, the first inquiry "in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Therefore a plaintiff seeking to impose liability on a municipality is required to identify either an official policy or a widespread custom or practice that was the moving force behind the plaintiff's constitutional injury. *Board of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403 (1997); *Crawford v. Van Buren County, Ark.*, 678 F.3d 666, 669 (8th Cir. 2012). An official policy represents the decisions of a municipality's legislative body, or of an official who maintains the final authority to establish governmental policy. *Brown*, 520 U.S. at 403; *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998). For a municipality to be held liable on the basis of custom, "there must have been a pattern of 'persistent and widespread' unconstitutional practices which became so 'permanent and well settled' as to have the effect and force of law." *Jane Doe "A" v. Special School Dist.*, 901 F.2d 642, 646 (8th Cir. 1990); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

"Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Brown*, 520 U.S. at 416 citing *Monell*, 436 U.S. at 694. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Brown*, 520 U.S. at 416 citing *Monell*, 436 U.S. at 690-691 (citation omitted).

Further, the City cannot be held liable under § 1983 on a *respondeat superior* theory. *Pembaur*, 475 U.S. at 478. In *Monell*, the Supreme Court ruled that a municipality cannot be held liable pursuant to § 1983 "solely because it employs a tortfeasor." 436 U.S. at 691. The Court found that "the language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable

unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. See also *Pembaur*, 475 U.S. at 478 (stating that the legislative history indicates that Congress never questioned its power to impose civil liability on municipalities for their own illegal acts, but Congress did doubt its constitutional power to impose civil liability in order to oblige municipalities to control the conduct of others); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (stating that under § 1983, local governments are responsible only for their own illegal acts and are not vicariously liable under § 1983 for their employees' actions).

In addition, "[i]n limited circumstances, a local government may be liable for its 'decision not to train certain employees about their legal duty to avoid violating citizens' rights.'" *Folkerts v. City of Waverly*, 707 F.3d 975, 982 (8th Cir. 2013) citing *Connick*, 131 S. Ct. at 1359. "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton*, 489 U.S. at 389. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick,* 131 S. Ct. at 1360 citing *Bryan Cty.*, 520 U.S. at 409.  A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. *Connick*, 563 U.S. at 61 citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-823, (1985) (plurality opinion) (stating that "a 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*").

1. **Count II fails to state a claim against the City because Plaintiff fails to allege facts sufficient to show that the City was deliberately indifferent to Plaintiff's rights.**

In Count II Plaintiff alleges that the City is liable on a theory of municipal liability based on its failure to "properly train Defendant Stewart on responding to calls where the complainant

4

and responding officer are of the opposite sex and particularly on when the complainant and reporting officer are of the opposite sex and isolated." Doc. 24, ¶ 38. She further alleges that the City "failed to properly train Defendant Stewart on questioning persons of the opposite sex." *Id*. at ¶ 39.

Here, the gravamen of Plaintiff's Complaint is that a member of the Police Department coerced her into engaging in sexual conduct while the officer was responding to a call for service at her home. Although the allegations of Count II purport to concern the City's training with regard to how officers are to interact with members of the opposite sex, Plaintiff's implicit allegation is that the City Police Department was deliberately indifferent to her rights by failing to train its employees to abstain from engaging in sexual contact with citizens while performing their official duties.

The Eighth Circuit has previously held that in order for a municipality to be held liable for a failure to train claim in circumstances similar to those alleged by Plaintiff, there first must be a "patently obvious need" for such training. *Andrews v. Fowler*, 98 F.3d 1069, 1077 (8th Cir. 1996). "To establish a city's liability based on its failure to prevent misconduct by employees, the plaintiff must show that city officials had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action." *Id*. at 1075 citing *Parrish v. Luckie*, 963 F.2d 201, 204 (8th Cir. 1992); *Harris v. Pagedale*, 821 F.2d 499, 504 (8th Cir. 1987).

In *Andrews v. Fowler*, the plaintiff alleged that she had been raped by an officer employed with the North Sioux City Police Department. 98 F.3d at 1073. She filed a claim under § 1983 based on the officer's conduct and the failure of the chief of police, the mayor, and North Sioux City to properly hire, supervise, or train the officer. *Id*. at 1074.

5

The Eighth Circuit ruled that the district court properly granted summary judgment on Plaintiff's failure to train claim because there was no "patently obvious need for the city to specifically train officers not to rape young women." *Id*. at 1077. The Court ruled that in order to establish a claim against a municipality for failure to train, the plaintiff must show "'that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Id*. at 1076 citing *City of Canton*, 489 U.S. at 390. "In other words, the plaintiff must demonstrate that the city 'had notice that its procedures were inadequate and likely to result in a violation of constitutional rights.'" *Id*. at 1076 citing *Thelma D. v. Board of Educ*., 934 F.2d 929, 934 (8th Cir. 1991).

The *Andrews* Court ultimately concluded that even if the city's training was "in some manner deficient, 'the identified deficiency in a city's training program must be closely related to the ultimate injury' such that 'the deficiency in training actually caused the police officers'' offending conduct." *Id.* at 1077 citing *City of Canton*, 489 U.S. at 391. The Court ruled that the plaintiff had not demonstrated "the close relationship necessary to conclude that the city's failure to properly train [its officer] caused him to rape [the plaintiff] or even raises a question of fact as to causation." *Id*.

Similar to *Andrews*, here, Plaintiff identifies no facts whatsoever to suggest there was a "patently obvious need" for the City to train its officers not to commit sexual assault or coerce citizens into sexual relations while handling calls for service. *Id*. Nor has Plaintiff alleged facts sufficient to show that a deficiency in the department's training "actually caused" Defendant Stewart to commit sexual misconduct. *Id*. at 1077.

6

Furthermore, it is "ordinary necessary" to show a pattern of similar constitutional violations by untrained employees to demonstrate deliberate indifference for purposes of failure to train. *Connick,* 131 S. Ct. at 1360 citing *Bryan Cty.*, 520 U.S. at 409. Here, Plaintiff does not allege a pattern of similar incidents wherein City officers have sexually assaulted or coerced female citizens into engaging in sexual conduct. Plaintiff therefore has pled facts insufficient to show that the City was deliberately indifferent to a "patently obvious need" to train officers to refrain from committing sexual assault or engaging in sexual contact with citizens while performing official duties. *Andrews*, 98 F.3d at 1077. Plaintiff's allegation that "the need to correct deficiencies" was "obvious" is a bare bones conclusion, devoid of any supporting facts. Doc. 24, ¶ 42.

Plaintiff's allegations in Count II are therefore insufficient to support a claim against the City for municipal liability, and Count II should be dismissed for failure to state a claim upon which relief can be granted.

2. **Count III fails to state a claim because Plaintiff fails to allege facts sufficient to show the City had an official policy or a widespread custom or practice that directly caused Stewart's alleged sexual misconduct.**

Plaintiff has not pled facts sufficient to state a claim against the City because she has not sufficiently alleged facts tending to show that the City had a "persistent and widespread" unconstitutional practice which was "so permanent and well settled" as to have the effect and force of law." *Special School Dist.*, 901 F.2d at 646; *Monell*, 436 U.S. at 691.

In Count III Plaintiff alleges that prior to her alleged sexual assault by Defendant Stewart, he had been the subject of other complaints by female citizens. Doc. 24, ¶ 48. Plaintiff further alleges that "other police officers who worked with Defendant Stewart knew of the sexual misconduct by Defendant Stewart complained of by other female citizens." *Id*. at ¶ 49. Plaintiff

7

claims that the allegations against Stewart "were part of a pattern of transgressions, of which Defendant City of St. Louis knew or should have known." *Id*. at ¶ 50.

Plaintiff's allegations in Count III are insufficient to show that the City had a widespread custom or practice that caused her alleged sexual assault. Plaintiff fails to allege facts that tend to show a "persistent and widespread" practice throughout the department that was "so permanent and well settled" as to have the effect and force of law." *Special School Dist*., 901 F.2d at 646; *Monell*, 436 U.S. at 691.

In *Andrews v. Fowler* the Eighth Circuit found that reports of prior misconduct by an officer who was alleged to have raped the plaintiff were insufficient to support a claim against North Sioux City for municipal liability. 98 F.3d at 1075-76. There, the plaintiff pointed to two prior complaints that the officer had interacted inappropriately with female citizens and the lack of evidence that the chief took any disciplinary action against the officer. *Id*. at 1075-76. The Court found that while two instances of misconduct indicated that the chief of police was "aware that some problem existed with [the defendant officer], they did not indicate a 'persistent and widespread' pattern of misconduct that amounts to a city custom or policy of overlooking police misconduct." *Id*. at 1076 citing *Monell*, 436 U.S. at 691. The Court concluded that the chief's "failure to take remedial action in these two instances simply is an insufficient basis on which to subject the city to liability." *Id*.

Here, Plaintiff's Complaint does not contain any allegations of sexual assaults or sexual misconduct by other officers employed by the City Police Department. Rather, Plaintiff vaguely alleges that Defendant Stewart himself had been subject to other "complaints" of "similar conduct." ¶ 48. Plaintiff provides no facts in support of this claim, and the allegation that other women had made "complaints" of "similar conduct" against Stewart is simply insufficient to

8

show that the City Police Department had a "persistent and widespread" pattern or custom of committing sexual misconduct. Even construing Plaintiff's allegation to mean that Stewart had been the subject of prior complaints of sexual misconduct by other women, Plaintiff has merely identified a problem isolated to Stewart. She has pled no facts to suggest a practice throughout the department "so widespread as to have the force of law." *Brown*, 520 U.S. at 416 citing *Monell*, 436 U.S. at 690-691. Moreover, in any event, Plaintiff's Complaint fails to set forth facts detailing the nature of the conduct that was the subject of the other alleged complaints.

For these reasons, the Plaintiff has failed to sufficiently allege that the City Police Department had a widespread custom or practice that was "so widespread as to have the force of law" and was the "moving force" behind her alleged constitutional injury. *Brown*, 520 U.S. at 403, 416; *Monell*, 436 U.S. at 690-691; *Crawford*, 678 F.3d at 669. Count III should be dismissed for failure to state a claim upon which relief can be granted.

3. **Count IV fails to state a claim against the City for municipal liability because the City cannot be held liable on a theory of respondeat superior liability.**

As established above, Plaintiff has not sufficiently alleged that the City had an official policy or a widespread custom and practice that directly caused her constitutional violation, the alleged sexual assault by Stewart. Plaintiff alleges, rather, that the City is liable for Defendant Steward's misconduct on the theory of *respondeat superior*. Complaint, ¶ 62. Plaintiff asserts that she "makes this claim based on the dissent of Justice Stephen Breyer in *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 416 (1997)." *Id*. at ¶ 38, n. 4[1].

---

[1] Justice Breyer's dissent in *Brown* does not lend support to plaintiff's *respondeat superior* theory of liability. In *Brown*, Justice Breyer merely argues for a "reexamination" of the viability of *Monell's* distinction between "liability that rests upon policy and liability that is vicarious." *Id*. at 430-31, 437.

9

The Court should reject plaintiff's theory of liability because the Supreme Court has consistently refused to hold municipalities liable on a theory of *respondeat superior*. See *Monell*, 436 U.S. at 691-92; *Pembaur*, 475 U.S. at 478; *Brown*, 520 U.S. at 403; *Oklahoma City*, 471 U.S. at 818; *St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988); *City of Canton*, 489 U.S. at 392.

To state a claim against the City on the basis of § 1983 municipal liability, Plaintiff is required to plead facts showing that her constitutional deprivation was caused by either an official policy of the City of St. Louis or a widespread custom or practice. She has not done so, and therefore Count IV must fail because a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell*, 436 U.S. at 691.

## CONCLUSION

This Court should grant Defendant City's Motion to Dismiss Counts II, III, and IV because Plaintiff has failed to pled facts sufficient to show that the City was deliberately indifferent to her constitutional rights and because the City cannot be held liable on a theory of *respondeat superior* liability. Plaintiff's Complaint has failed to state a claim against the City of St. Louis for which relief can be granted.

WHEREFORE, for all of the reasons set forth above, the City respectfully requests that this honorable Court grant its Motion to Dismiss and enter an order dismissing Plaintiff's claims against it with prejudice.

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

By: /s/ Erin K. McGowan
    Erin K. McGowan #64020MO
    1200 Market Street, Room 314

City Hall  
St. Louis, Mo  63103  
(314) 622-3361  
(314) 622-4956 fax  
relyst@stlouis-mo.gov  
McGowanE@stlouis-mo.gov  
*Attorney for Defendant City of St. Louis*

## CERTIFICATE OF SERVICE

I hereby certify this Memorandum was electronically filed on **February 1, 2019** with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Erin K. McGowan