UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| B.W., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 418CV1025HEA |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs Motion for Taxation of Costs of Service to be Assessed Against Defendant John Steward and for Attorney's Fees, [Doc. 10]. Defendant Steward did not file responses to Plaintiff's Motion and the time to do so has now passed. For the following reasons, the Court will grant Plaintiff's motion.

Federal Rule of Civil Procedure 4(d)(2) provides the following:

If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located in the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees of any motion required to collect those service expenses.

The record indicates that the Defendants failed to return the waivers of service. Plaintiff has included an invoice documenting that Plaintiff incurred an expense of $70.00 to obtain personal service of the Defendants.

In an averred motion, Plaintiff's counsel James Schottel, Jr. states that he spent 2.8 hours preparing the motion, memorandum in support of the motion, and exhibits and filing of the Motion and Memorandum. Mr. Schottel seeks reimbursement at his hourly rate of $400.00 per hour. The Court finds the amount of time expended by counsel and the hourly rate to be reasonable.

Because Defendant Stewart failed to comply with Plaintiff's request for waiver of service of summons, and because he has not shown good cause for the failure, the Court concludes that Plaintiff is entitled to reimbursement of costs in the amount of $70.00 and attorney's fees in the amount of $1,120.00 for a total award of $1,190.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Taxation of Costs of Service to be Assessed Against Defendant Steward and for Attorney's Fees, [Doc. No. 12], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Stewart is directed to

pay Plaintiff $1,190.00 for the costs of service of summons and attorney's fees for

Dated this 19th day of February, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE