UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| B.W., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 4:18CV1025 HEA |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant City of St. Louis' Motion to Dismiss, [Doc. No. 30]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion will be granted.

## Facts and Background

Plaintiff's Amended Complaint alleges the following:

On the night of June 12, 2015, Plaintiff lived in a home in the City of St. Louis along with her four children. During that evening of June 12, 2015, the estranged husband of Plaintiff suddenly took the family vehicle from Plaintiff's residence and absconded. Plaintiff then called the Saint Louis Metropolitan Police Department to report the incident.

Following Plaintiff's call for assistance, Defendant Stewart responded to the call and arrived at Plaintiff's residence. Upon arriving at Plaintiff's residence,

Defendant Stewart entered the dwelling and began speaking with Plaintiff. Upon hearing Plaintiff describe the situation in which the family vehicle was taken, Defendant Stewart, rather than asking questions about the situation, asked Plaintiff, "Are you freaky?" Defendant Stewart then indicated that he wanted Plaintiff to perform oral sex on Defendant Stewart in Plaintiff's dwelling. Defendant Stewart made the demand for oral sex to Plaintiff.

Plaintiff was in a state of obvious fear because of the theft of the family vehicle. Furthermore, she was, as an African-American female, frightened to be in the presence of a white male police officer brazenly exhibiting his power over Plaintiff by demanding that she perform sexual acts on Defendant Stewart while her four children slept in a bedroom just a few feet away. Plaintiff feared for her safety and for her life.

Defendant Stewart coerced Plaintiff into performing oral sex on Defendant Stewart. The contact by Defendant Stewart was in fact undertaken for Defendant Stewart's sexual gratification.

Plaintiff then vomited into a towel, called her mother and reported the incident to the police.

Due to duress and the related balance of power in Defendant Stewart's favor, Plaintiff had no lawful capacity to consent to Defendant Stewart's sexual assault.

The sexual misconduct of Defendant Stewart against Plaintiff was so egregious and so outrageous that it may fairly be said to shock the contemporary conscience.

Defendant Stewart violated Plaintiff's rights to substantive due process.

Defendant City of St. Louis failed to properly train Defendant Stewart on responding to calls where the complainant and responding officer are of the opposite sex and particularly on when the complainant and reporting officer are of the opposite sex and isolated.

Defendant City of St. Louis failed to properly train Defendant Stewart on questioning persons of the opposite sex.

Defendant City of St. Louis was thus deliberately indifferent to the rights of others in adopting its training practices, and in failing to properly train Defendant Stewart, such that those failures reflected a deliberate or conscious choice by Defendant City of St. Louis. The training deficiencies occurred prior to the incident subject to this case and caused Plaintiff damages.

In light of the fact that it was Defendant Stewart who engaged in the Constitutional violations, the need to correct deficiencies was so obvious, and the inadequacy so likely to result in the violation of Constitutional rights, that the policymakers of Defendant City of St. Louis can reasonably be said to have been deliberately indifferent to the need. If Defendant City of St. Louis had properly

trained Defendant Stewart, the Constitutional violations committed by Defendant Stewart would not have occurred. These failures by Defendant City of St. Louis to train Defendant Stewart subject Defendant City of St. Louis to liability for the Constitutional violations committed by Defendant Stewart.

Prior to the incident subject to this case on June 12, 2015, other female citizens had made complaints against Defendant Stewart with the police department alleging similar conduct to the conduct of Defendant Stewart in his encounter with Plaintiff. Additionally, on information and belief, other police officers who worked with Defendant Stewart knew of the sexual misconduct by Defendant Stewart complained of by other female citizens that occurred prior to the incident subject to this case on June 12, 2015. The acts of Defendant Stewart were part of a pattern of transgressions, of which Defendant City of St. Louis knew or should have known. The failure of Defendant City of St. Louis to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein, establishes the policy of Defendant City of St. Louis to condone or otherwise tolerate such constitutional violations. Defendant City of St. Louis thus had a "policy or custom" of failing to act upon prior similar complaints of unconstitutional conduct, of which they knew or should have known, which caused the constitutional injuries at issue. There was a prior pattern of unconstitutional conduct so "persistent and widespread" as to have the

4

effect and force of law. Defendant City of St. Louis' failure amounted to deliberate indifference to the rights persons with whom Defendant Stewart came in contact, particularly including Plaintiff. Those failures by Defendant City of St. Louis to act proactively to prevent these constitutional violations subject Defendant City of St. Louis to liability for the constitutional violations committed by Defendant Stewart.

At all relevant times Defendant Stewart was serving as an employee of Defendant City of St. Louis as a police officer. At all relevant times Defendant Stewart was engaging in a government function. At all relevant times Defendant Stewart was acting within the course and scope of that employment, albeit ostensibly. Defendant City of St. Louis is liable under a theory of *respondeat superior*. he actions of Defendant Stewart caused Plaintiff to suffer the damages outlined herein.

## **Discussion**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint states a plausible claim for relief if its 'factual content ...

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

When considering a 12(b)(6) motion, the district court accepts as true all factual allegations in the complaint and grants all reasonable inferences in favor of the nonmoving party. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. *Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In general, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents" on a respondeat superior theory of liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (citing Monell v. New York Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). To establish a municipal custom based on a failure to prevent police misconduct, a plaintiff must show that

the municipality acted with deliberate indifference to the rights of persons with whom the officers come into contact. *Perkins v. Hastings*, 915 F.3d 512, 520-21 (8th Cir. 2019); *see also Harris v. City of Pagedale*, 821 F.2d 499, 504 (8th Cir. 1987) (applying a deliberate indifference standard to a claim of "a municipal custom of failing to receive, investigate or act on citizen complaints of physical and sexual misconduct by police officers"). To establish deliberate indifference, a plaintiff ordinarily must show a pattern of constitutional violations. *Perkins*, 915 at 520-21(citations omitted).

Deliberate indifference in the context of municipal liability "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017) (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997)). The issue is whether, "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* (quoting *Canton*, 489 U.S. at 390).

To state a viable § 1983 claim against the City for failure to train, plaintiff must plead facts sufficient to show that (1) the City's police officer training practices were inadequate; (2) the City was deliberately indifferent to the rights of

7

others in adopting these training practices, and the City's failure to train was a result of deliberate and conscious choices it made; and (3) the City's alleged training deficiencies caused plaintiff's constitutional deprivation. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (citing *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996)). Ultimately, plaintiff must prove that the City "had notice that the training procedures [] were inadequate and likely to result in a constitutional violation." *Brewington*, 902 F.3d at 803 (quoting *Livers v. Schenck*, 700 F.3d 340, 356 (8th Cir. 2012)).

The Amended Complaint does not plead facts sufficient to establish the elements of claims for failure to train: Count II merely offers the conclusion that "the City failed to properly train" Defendant Stewart, that training "deficiencies" existed, that the City was "deliberately indifferent to the rights of others," that there was a "need to correct deficiencies." It is not up to this Court to "conjure up unpled allegations to save a complaint," *Gregory v. Dillard's Inc*, 565 F.3d 464, 473 (8th Cir. 2009), or "to try to ... connect the dots between [plaintiff's] allegations and his legal theories." *Management Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1184 (8th Cir. 2019). Plaintiff "fails to provide facts in his complaint to support his assertion that [the City] adopted deficient [] training practices with deliberate indifference to the constitutional rights of others, and that these training

practices were the product of the [City's] deliberate and conscious choices." *Ulrich*, 715 F.3d at 1061.

Plaintiff has also failed to allege sufficient facts in support of her claims that any constitutional violations were the result of an official City of St. Louis policy, practice or custom. Plaintiff alleges that the City is liable because there was a pattern of transgressions of which it should have known. "Governmental liability may be established through proof that the alleged misconduct was so pervasive among the non-policy making employees of the [entity] as to constitute a 'custom or usage' with the force of law." *A.J. ex rel. Dixon v. Tanksley, No. 4:13–CV–1514 CAS, 2014 WL 1648790, at \*7 (E.D.Mo. Apr. 24, 2014), (quoting McGautha v. Jackson Cnty., Mo., Collections Dep't,* 36 F.3d 53, 56 (8th Cir.1994)). "[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id. (quoting Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 634 (8th Cir.2009)).

Plaintiff alleges that the actions of the individual defendants "were part of a pattern of transgressions, of which [the City] knew or should have known." The City's failure "to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein," establishes a policy or custom "to condone or otherwise tolerate such constitutional violations." Plaintiff alleges that the City "thus had a 'policy or custom' of failing to act upon

prior similar complaints of unconstitutional conduct, of which they knew or should have known, which caused the constitutional injuries at issue. There was a prior pattern of unconstitutional conduct so 'persistent and widespread' as to have the effect and force of law."

Plaintiff has not alleged any facts to support this theory of liability. She has not identified any other transgressions that have occurred, nor does she state how the City addressed or failed to address any other transgressions. In the absence of any factual allegations to support the existence of an unconstitutional policy or custom, there is no basis upon which to hold the City liable under § 1983. *Id.* at *9. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Here, Plaintiff merely recites the elements of a § 1983 claim against the City with no factual basis for holding it liable.

In Count VI, Plaintiff seeks to hold Defendant City liable for the alleged 14th Amendment violations based on the theory of *respondeat superior.* Although the Supreme Court has "held that a municipality is a 'person' that can be liable under § 1983," it is well established "that a municipality cannot be held liable on a

*respondeat superior* theory, that is, solely because it employs a tortfeasor." *Szabla v. City of Brooklyn Park, Minn.,* 486 F.3d 385, 389 (8th Cir.2007) (*citing Monell v. Department of Social Services of New York,* 436 U.S. 658, 690–91 (1978)).

Plaintiff acknowledges that her *respondeat superior* claim against the City cannot be sustained but was set forth to preserve the record on appeal. Count VI will be dismissed.

### Conclusion

Based upon the foregoing analysis, Defendant City of St. Louis' Motion to Dismiss, [Doc. No. 30] is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Counts II, III, and IV are dismissed.

Dated this 10th day of June, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE