UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| B.W., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:18-CV-1025 HEA |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) |
| | ) |
|    Defendants. | ) |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
AS TO THE DEPOSITION OF PLAINTIFF
OR IN THE ALTERNATIVE,
MOTION TO QUASH DEFENDANT JOHN STEWART'S
NOTICE TO TAKE DEPOSITION OF PLAINTIFF**

COMES NOW Plaintiff B.W. ("Plaintiff"), by and through her attorney, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and for her Motion for Protective Order as to the Deposition of Plaintiff, or in the Alternative, Motion to Quash Defendant John Stewart's Notice to Take Deposition of Plaintiff and respectfully states to this Honorable Court the following:

    1.    On October 4, 2019, Defendant John Stewart ("Defendant Stewart") filed a Motion for continuance of trial date, which was then set for December 2, 2019. (*See* Doc. #50).

    2.    In Defendant Stewart's motion in pertinent part, Defendant Stewart asserted:

"Defendant was set for a criminal trial for the same occurrence that is the subject of the civil case on November 12, 2019, but the circuit attorney assigned to the case has advised she needs a continuance because of a conflict and Judge David Dowd has agreed to continue the case. No new date has been set, but one is expected to be set shortly."

Id.

    3.    Defendant Stewart has used the pending criminal case against him in the city of St. Louis Circuit Court by also stating in his motion that, "Due to the pending criminal charges,

Defendant took the Fifth Amendment when he was deposed in the civil case...Defendant's ability to defend himself in the civil case is hampered by the ongoing criminal case." Id.

      4.      This Honorable Court granted Defendant Stewart's motion for continuance of trial date.

      5.      Also, on October 22, 2019, Defendant Stewart filed a motion to reopen discovery 4 months after discovery closed to take the deposition of Plaintiff. (*See* Doc. #62).

      6.      In Defendant Stewart's motion in pertinent part, Defendant Stewart asserted:

"...**counsel for Defendant intended to obtain Plaintiff's testimony from the transcript of the criminal case involving the same matter at issue in this case**. The criminal case had been set for trial on November 12, 2019, which preceded the trial setting of this civil matter on December 2, 2019. However, the criminal case is being continued, which prompted, in part, Defendant's motion for continuance of the trial setting in this civil matter, which this Honorable Court granted on October 7, 2019." (*emphasis added*).

Id.

      7.      This Honorable Court granted Defendant Stewart's motion to reopen discovery to take the deposition of Plaintiff by December 23, 2019.

      8.      Plaintiff's deposition is set to be taken in the criminal case next Monday, December 16, 2019 at 1:30 p.m[1].

      9.      As counsel for Defendant Stewart has represented to the Court, he will be able to obtain "Plaintiff's testimony from the transcript of the criminal case involving the same matter at issue in this case."

---

[1] Counsel for Defendant Stewart in the criminal case has not served the prosecutor with a notice of deposition at the time of this filing. The undersigned submits his sworn affidavit to this motion and can submit to this Court a copy of the notice of deposition by the end of this week.

10. Mr. Magee sent an email to the undersigned and informed that he was going to be in trial that the undersigned should discuss the deposition of Plaintiff in this case with Kat Hamilton, who will be deposing Plaintiff. (*See Plaintiff's Exhibit 1 attached hereto*).

11. Before filing this Motion, the undersigned discussed the issues raised herein with Ms. Hamilton and despite knowing Plaintiff's deposition is set to be taken in the criminal case on Monday, December 16, 2019 at 1:30 p.m., Defendant Stewart is demanding to take Plaintiff's deposition in this case.

12. In fact, counsel for Defendant Stewart served a notice to take deposition of Plaintiff on Tuesday, December 17, 2019 at 9:00 a.m. (the notice is defective and does not contain a certificate of service), less than 24 hours after Plaintiff's deposition is scheduled in the criminal case. (*See Plaintiff's Exhibit 2 attached hereto*).

13. Defendant Stewart wants to take "two bites at the same apple" by having Plaintiff's deposition taken twice over the same issues, once in the criminal case and once in this case.

14. This attempt at a 2nd deposition is not taken in good faith and extremely prejudicial to Plaintiff.

15. For these reasons alone, Plaintiff respectfully requests this Court grant this motion and order that Defendant Stewart be precluded from taking Plaintiff's deposition on Tuesday, December 17, 2019 at 9:00 a.m.

16. Additionally and alternatively, Defendant Stewart served the notice to take deposition of Plaintiff by electronic mail, which does not comply with Rule 5(b)(2) of the Federal Rules of Civil Procedure. (*See Plaintiff's Exhibit 3 attached hereto*).

17. Rule 5(b)(2) of the Federal Rules of Civil Procedure states:

"*Service in General.* A paper is served under this rule by:

3

    (A) handing it to the person;

    (B) leaving it:

        (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

        (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

    (C) mailing it to the person's last known address—in which event service is complete upon mailing;

    (D) leaving it with the court clerk if the person has no known address;

    (E) **sending it by electronic means if the person consented in writing**—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or

    (F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery." (**emphasis added**).

*See* Fed.R.Civ.P. 5(b)(2).

    18.    Rule 5 of the Federal Rules of Civil Procedure covers papers that are not served electronically with the court, such as a notice to take deposition.

    19.    The undersigned has not given opposing counsel any consent in writing to serve discovery papers by electronic means.

    20.    Thus, in the alternative, Defendant Stewart's a notice to take deposition of Plaintiff should be quashed.

    21.    Lastly, as another alternative, Plaintiff respectfully requests this Honorable Court to postpone the deposition of Plaintiff scheduled in this case for Tuesday, December 17, 2019 so that Plaintiff can provide a notice of deposition from the criminal case or confirmation after December 16, 2019 that Plaintiff's deposition had been taken on said date.

4

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Honorable Court to grant her Motion for Protective Order as to the Deposition of Plaintiff, or in the Alternative, Motion to Quash Defendant John Stewart's Notice to Take Deposition of Plaintiff and for such other relief this Court deems just and proper under the circumstances.

STATE OF MISSOURI      )
                       )   SS.
CITY OF ST. LOUIS      )

    JAMES W. SCHOTTEL, JR. being duly sworn, on his solemn oath deposes and certifies that the statements set forth in this instrument are true and correct according to his best knowledge and belief.

_____
James W. Schottel, Jr.

Subscribed and sworn to before me this 9th day of December, 2019.

_____
Notary Public

PETER BARNETT
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis City
My Commission Expires: Mar. 7, 2021
Commission # 17381729

(Notarial Seal or Stamp)

6

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
    James W. Schottel, Jr.   #51285MO
    906 Olive St., PH
    St. Louis, MO 63101
    (314) 421-0350
    (314) 421-4060 facsimile
    jwsj@schotteljustice.com

    Attorney for Plaintiff
    B.W.

## CERTIFICATE OF SERVICE

    I hereby certify that on December 9, 2019, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

    Thomas J. Magee
    tm1@heplerbroom.com

    Attorney for Defendant
    John Stewart


    s/*James W. Schottel, Jr.*