UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| B.W., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:18CV1025 HEA |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| et al. | ) |
| | ) |
|    Defendants, | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Protective Order [Doc. No. 75]. Defendant has file opposition to the Motion. Plaintiff has filed a reply. The motion is denied.

### BACKGROUND

The primary reason referenced as a basis for this court to grant the requested relief is that Plaintiff will be providing a deposition in a criminal case on December 16, 2019, the day prior to the setting date for the deposition in this case. December 17, 2019 was discussed and seemingly agreed as the date for the deposition in this case.

When a party seeks a protective order, "[t]he court may, for good cause, issue an order to protect a party or person from ... undue burden or expense,

– 1 –

including one or more of the following … "(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;…." Fed. R. Civ. P. 26(c)(1).

The burden is on the movant to show the "good cause" required for issuance of the protective order. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). "To make this showing, the moving party cannot rely on broad or conclusory allegations of harm." *Northbrook Digital, LLC v. Vendio Servs., Inc.*, 625 F. Supp. 2d 728, 757 (D. Minn. 2008) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

Plaintiff has failed to demonstrate "good cause" where the setting date was at the suggestion and agreement of Plaintiff.

## CONCLUSION

Based on the record and the memoranda herein,

**IT IS HEREBY ORDERED** that Plaintiff's Motion Protective Order [Doc. No. 75] is **DENIED**.

Dated this 13th day of December, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE